### HINLEIN et al. v. FINE–MARK BRAID & KNITTING MILLS CO., Inc.

District Court, S. D. New York.
Dec. 13, 1939.

Harry Ernest Rubens, of New York City, for plaintiffs.

Alexander Savanuck, of New York City, for defendant.

GALSTON, District Judge.

This is a suit for infringement of letters patent No. 1,902,957 for a veil, granted to Milton J. Hinlein on March 28, 1933, on an application filed May 18, 1932. The five claims of the patent are in issue.

The defendant asserts invalidity of the patent.

The specification recites that the invention relates to veils which are commonly worn by women both to cover the face and hold the hair in position. One of the objects sought is to provide a veil that is resilient so that while it can be draped it will nevertheless hold its shape in all circumstances. The alleged discovery by the

884

patentee is, as he states, "that most attractive veils may be made of pyroxaline threads and the like, fabricated according to any desired design or patent."

In one of the forms shown the veil consists of horizontal and vertical members formed of a material such as pyroxaline. The horizontal members are spaced apart in the form of chains at suitable distances and are connected by vertical members or strands between the chains. It is claimed that the finished veil will stretch quite readily both longitudinally and vertically, but that the fabric is sufficiently stiff to hold its shape.

It will be sufficient to refer to one claim of the patent, the first: "1. A veil formed principally of pyroxaline threads knitted into a loose openwork fabric."

It would seem that the gist of the plaintiff's alleged invention is the use of pyroxaline for a woman's veil. Plaintiff's witness Beresin, a designer in the braid industry, testified that pyroxaline is a chemical composition and is known in the trade as imitation horse-hair. He knew that pyroxaline had been used in the manufacture of various cloths and braids as far back as 1929. The patent was applied for in May 1932. Feinberg, president of the defendant corporation, testified that he first became acquainted with pyroxaline and its properties as far back as 1918. It was used, so he said, for millinery purposes and employed in manufacturing braids that needed stiffening. Sample cards showing examples of such strands of horse hair, arranged by the defendant in the fall of 1929 for the spring season of 1930, were received in evidence. Defendant's witness Oppenheim, who had been a manufacturer of braids and trimmings for 31 years, said pyroxaline was known in the industry as far back as 1914 and that it was recognized as being water proof and resilient and possessed a certain stiffness. His company, Largman, Oppenheim & Company, had used pyroxaline in their business prior to and up to 1929, and thereafter it was used by the successor firm, Oppenheim & Hugo. He produced samples of braids made of pyroxaline which had been made 20 to 25 years ago. The witness' book records produced showed the manufacture of a style number 9745 in February 1930, and a book containing earlier records established that certain styles were made by him containing pyroxaline before 1930.

Another defendant witness, Holof, connected with the Manhattan Trimmings Works as general sales manager, testified to having been in the business of manufacturing braids and trimmings for 22 years, and that he had known pyroxaline for 20 years. He corroborated the other witnesses as to its use for millinery purposes; and he produced a record of a sale on March 10, 1930, of 144 yards of 4 inch hair and gimp braid.

Finally there is the important admission made by the patentee himself. He knew of the use of pyroxaline in the trade for many years before he obtained his patent. Since the qualities of pyroxaline were well known and its use in an analogous art well established, it seems quite clear that there was no invention involved in using the material for veils. The complaint will be dismissed. Submit findings of fact and conclusions of law in conformity with the foregoing opinion.